UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAFT BEER STELLAR, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 18-10510-FDS |
| v. ) | |
| ) | |
| GLASSDOOR, INC., ) | |
| ) | |
| Defendant. ) | |

## AMENDED MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a dispute concerning reviews of plaintiff Craft Beer Stellar, LLC ("CBS") that were anonymously posted on the website of defendant Glassdoor Inc., glassdoor.com, between November 2017 and March 2018. CBS has brought suit against Glassdoor and asserts five counts under federal and Massachusetts law.[1] Glassdoor has moved to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons stated below, the Court will grant the motion to dismiss.

**I.** **Background**

Unless otherwise noted, the facts are set forth as alleged in the first amended complaint.

**A.** **Factual Background**

CBS is a franchisor of craft beer stores known as Craft Beer Cellars. (Am. Compl. ¶¶ 12-

---

[1] CBS has also brought suit against John Does 1-20, a group of one or more anonymous individuals that CBS alleges are its current or former franchisees.

13). To acquire a Craft Beer Cellar, a prospective franchisee enters into an agreement with CBS and pays CBS a fee. The franchise agreements generally require the franchisee to keep certain CBS proprietary information confidential. (Am. Compl. ¶¶ 14-17).

Glassdoor, Inc. operates a website, www.glassdoor.com, where users can anonymously post comments about their employers. In November 2017, someone identifying himself as an employee of CBS posted a negative review of the Belmont, Massachusetts Craft Beer Cellar on glassdoor.com. (Am. Compl. ¶ 36). Over the next few months, one or more unnamed users identifying themselves as current (or former) employees of CBS continued to post negative reviews of the Belmont store. (Am. Compl. ¶ 36-83). Each of the negative reviews mentioned the co-founder of CBS, Suzanne Schalow.

On February 13, 2018, Schalow sent an e-mail to Glassdoor asking it "for . . . assistance in reviewing . . . six inappropriate/trolled reviews naming Craft Beer Cellar and myself, Suzanne Schalow." (Am. Compl. ¶ 85). (Ex. G).

The following day, February 14, Charlee Colwell, a member of Glassdoor's "Content & Community Team," responded to Schalow and informed her that Glassdoor had removed one of the six reviews for its failure to "meet" the website's "Community Guidelines." (Ex. G).

A week later, on February 21, Schalow e-mailed Colwell to inform her that the removed review had been "re-posted" and to ask that the review be removed again. (Ex. G). Colwell responded to Schalow the following day and told her that the review would not be removed because it no longer violated the website's guidelines. (Ex. G).[2]

---

[2] According to Colwell's message, the original review in question was removed because it "discussed" a "non-highest leadership employee" of CBS "by name, title, or association," and Glassdoor's guidelines permit posts to discuss only "individuals" who "represent the public face of the company and have great influence over the broad work environment." Because the updated version of the review apparently did not mention a non-leader by name, Glassdoor decided that it would not be removed from the site. (Ex. G).

B. **Procedural Background**

CBS has asserted six claims against Glassdoor in its amended complaint: (1) violation of the federal Defend Trade Secrets Act (18 U.S.C. §§ 1836, *et seq.*); (2) violation of the federal Computer Fraud and Abuse Act, (18 U.S.C. §§ 1030 *et seq.*); (3) violation of the Massachusetts trade secrets statute (Mass. Gen. Laws. Ch. 93, §§ 42 and 42A); (4) violation of the Massachusetts Consumer Protection Act (Mass. Gen. Laws. Ch. 93A, §§ 2 and 11); (5) aiding and abetting John Does 1-20 in various contractual breaches, torts, and other violations; and (6) civil conspiracy.

On May 25, 2018, CBS filed a stipulation of dismissal without prejudice as to the Computer Fraud and Abuse Act claim. Glassdoor has moved to dismiss the remaining claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

II. **Analysis**

A. **Communications Decency Act (47 U.S.C. § 230)**

1. **Section 230 Immunity**

Glassdoor contends that all of the claims are barred under the Communications Decency Act ("CDA"). The CDA provides that "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section," *id.* § 230(e)(3).

"Section 230 immunity should be broadly construed." *Universal Commc'n. Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007); *accord Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 18 (1st Cir. 2016) ("There has been near-universal agreement that section 230

3

should not be construed grudgingly."). "Congress enacted [the CDA] partially in response to court cases that held internet publishers liable for defamatory statements posted by third parties on message boards maintained by the publishers." *Jane Doe No. 1*, 817 F.3d at 18. The statute was intended to prevent tort liability from "chilling" online speech and to "remov[e] the disincentives to self-regulation that would otherwise result if liability were imposed on intermediaries that took an active role in screening content"—for example, by filtering or editing out inappropriate content. *Lycos*, 478 F.3d at 418-19 (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997)). To give effect to those purposes, § 230 "shields website operators from being 'treated as the publisher or speaker' of material posted by users of the site,' 47 U.S.C. § 230(c)(1), which means that 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred.'" *Jane Doe No. 1*, 817 F.3d at 18 (quoting *Zeran*, 129 F.3d at 330).

Immunity under § 230 extends only to "information provided by another information content provider." 47 U.S.C. § 230(c)(1). "Information content provider," in turn, is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." *Id.* § 230(f)(3). Accordingly, users or providers of interactive computer services remain liable for publishing information if they are "responsible, in whole or in part," for "the creation or development" of that information.

Here, CBS acknowledges that all of the posts at issue were not posted by Glassdoor, but rather by "franchise store owners," who are referred to as John Does 1-20. (Am. Compl. ¶ 87). Nonetheless, it contends that Glassdoor should be deemed responsible for creating or developing

4

the posts because it "materially revise[d] and change[d] [their] content."  (Am. Compl. ¶ 101).

The complaint, however, does not allege facts sufficient to support a conclusion that Glassdoor created or developed the offending information.  CBS essentially contends that Glassdoor's decision to remove a "review" from its website for violating its community guidelines, combined with its subsequent decision to allow the updated, guidelines-compliant version of the "review" to be re-posted, constituted a material revision and change to the post's content.  Such a material revision, it contends, constituted an act of creating or developing the post's content, and accordingly transformed Glassdoor from an (immunized) interactive computer service into an information-content provider not subject to the protections of § 230.

If Glassdoor's decision to remove the review—and its subsequent decision to allow an updated version of the review to be re-posted—eliminates its § 230 immunity, the result would be exactly what the First Circuit warned against in *Jane Doe No. 1*:  it would "hold a service provider liable for its exercise of a publisher's traditional editorial functions . . . such as deciding whether to publish [or] withdraw . . . content."  *Jane Doe No. 1*, at 18.  In other words, holding Glassdoor liable for simply screening the posts on its website would directly counter the CDA, and create a "disincentive" against "self-regulation" by websites.  *Lycos*, 478 F.3d at 418-19.

In short, Glassdoor's decisions to remove the "review," and to permit an updated version to be re-posted, constituted the exercise of a traditional editorial function.  Without more, Glassdoor cannot be deemed responsible for creating or developing the content.  Accordingly, Glassdoor is an "interactive computer service" covered by the grant of immunity in § 230.

### 2. "Intellectual Property" Claims under § 230

Subsection (2)(e) of § 230 provides that "[n]othing" in the statute "shall be construed to limit or expand any law pertaining to intellectual property."  Thus, "[c]laims based on

5

intellectual property laws [are] . . . not subject to Section 230 immunity." *Lycos*, 478 F.3d at 422-23.

The initial question here is whether the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, is such an "intellectual property law." Although perhaps counterintuitive—trade secrets are generally characterized as intellectual property (including even, at times, by Congress)—the DTSA itself plainly provides that it "shall not be construed to be a law pertaining to intellectual property for purposes of any other Act of Congress." *See* Defend Trade Secrets Act, § 2(g), PL 114-153, May 11, 2016. When the language of a statute is plain, the Court's "sole function" is to enforce the law "according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989). Because Congress has clearly dictated that the DTSA should *not* be construed to be a law "pertaining to intellectual property" for the purposes of *any* other Act of Congress, the DTSA is clearly not such a law for the purposes of § 230(e)(2). The DTSA claim is thus subject to the immunity provisions of § 230, and accordingly that claim will be dismissed.

Three of CBS's remaining claims—that Glassdoor violated the Massachusetts Consumer Protection Act (Mass. Gen. Laws. Ch. 93, §§ 2 & 11); that Glassdoor aided and abetted John Does 1-20; and that Glassdoor civilly conspired with John Does 1-20—are clearly not claims "pertaining to intellectual property" and thus are subject to § 230 immunity. Accordingly, those three claims will also be dismissed.

B.    **<u>Massachusetts Misappropriation of Trade Secrets Statute</u>**

Finally, CBS alleges that Glassdoor violated Massachusetts' misappropriation of trade

secrets statute, Mass. Gen. Laws ch. 93, § 42.[3]

In order to prevail on a misappropriation of trade secrets claim under Massachusetts law, a plaintiff must prove that (1) the information at issue is a trade secret; (2) the plaintiff took reasonable steps to preserve the secrecy of the information; and (3) the defendant used improper means, in breach of a confidential relationship, to acquire and use the trade secret. *Incase Inc. v. Timex Corp.*, 488 F.3d 46, 52 (1st Cir. 2007).

To succeed in proving the third element, "a plaintiff must show that [it] shared a confidential relationship with the defendant." *Burten v. Milton Bradley Co.*, 763 F.2d 461. Although CBS alleges that it shared a confidential relationship with its employees who supposedly wrote the negative reviews on Glassdoor's website, it has not—and seemingly cannot—contend that it ever shared a confidential relationship with Glassdoor. Accordingly, the complaint does not satisfy the third element of trade secret misappropriation under Massachusetts law, and that the claim will therefore be dismissed.[4]

## III. Conclusion

For the foregoing reasons, the motion of defendant Glassdoor Inc. to dismiss for failure to state a claim upon which relief can be granted is GRANTED.

---

[3] The statute provides in relevant part: "[w]hoever embezzles, steals or unlawfully takes, carries away, conceals, or copies, or by fraud or by deception obtains, from any person or corporation, with intent to convert to his own use, any trade secret, regardless of value, shall be liable in tort to such person or corporation for all damages resulting therefrom." Mass. Gen. Laws ch. 93, § 42.

[4] Both CBS and Glassdoor dedicate considerable space of their memoranda arguing whether § 230's intellectual property "exception" applies to state laws, and if so, whether the law in question here qualifies as an intellectual property law. Because CBS's claim fails due to the lack of a confidential relationship between it and defendant, the Court takes no view as to those questions.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: October 17, 2018                                                                      United States District Judge